UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| THE BIDWELL FAMILY CORPORATION, *et al.*, | : | Case No. 1:19-cv-201 |
|---|---|---|
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| SHAPE CORP. *et al.*, | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFFS' MOTION
TO REMAND (Doc. 15)**

This civil case is before the Court on Plaintiffs' motion to remand (Doc. 15) and the parties' responsive memoranda (Docs. 19, 21, 24).

## I. BACKGROUND

Plaintiffs, The Bidwell Family Corporation, an aluminum-extrusion company, and its shareholders[1] ("Bidwell"), filed this action against Defendants, Shape Corp. and Magnode, LLC ("Shape"), in the Butler County Court of Common Pleas in anticipation of an alleged breach of the agreement governing Bidwell's sale of assets to Shape. (Doc. 1-3). The Asset Purchase Agreement ("agreement") governing this multimillion-dollar sale contains a forum selection clause, which states as follows:

---

[1] The shareholders named in the complaint include Arthur Bidwell, Jr., Martin J. Bidwell, Joseph M. Bidwell, Kathleen E. Bidwell Gramke, Marianne Bidwell Walter, and Father Michael L. Bidwell. (Doc. 1-3 at 4-5).

> ANY LEGAL SUIT, ACTION, OR PROCEEDING
> ARISING OUT OF OR BASED UPON THIS
> AGREEMENT, THE OTHER TRANSACTION
> DOCUMENTS, OR THE TRANSACTIONS
> CONTEMPLATED HEREBY OR THEREBY MAY BE
> INSTITUTED IN THE FEDERAL COURTS OF THE
> UNITED STATES OF AMERICA OR THE COURTS OF
> THE STATE OF OHIO IN EACH CASE LOCATED IN
> THE COUNTY OF BUTLER, AND EACH PARTY
> HERETO IRREVOCABLY SUBMITS TO THE
> EXCLUSIVE JURISDICTION OF SUCH COURTS IN
> ANY SUCH SUIT, ACTION, OR PROCEEDING . . . . THE
> PARTIES HERETO IRREVOCABLY AND
> UNCONDITIONALLY WAIVE ANY OBJECTION TO
> THE LAYING OF VENUE OF ANY SUIT, ACTION, OR
> ANY PROCEEDING IN SUCH COURTS AND
> IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD
> OR CLAIM IN ANY SUCH COURT THAT ANY SUCH
> SUIT, ACTION, OR PROCEEDING BROUGHT IN ANY
> SUCH COURT HAS BEEN BROUGHT IN AN
> INCONVENIENT FORUM.

(Doc. 1-3 at 104-105, § 11.10(b)). Defendants timely removed the case to this Court on March 14, 2019. (Doc. 1). Plaintiffs seek to enforce the forum selection clause and to remand the case to Butler County. (Doc. 15).

Plaintiffs argue that pursuant to the language of the clause, Defendants have waived their right to removal, having agreed to "submit[] to the exclusive jurisdiction of" federal courts or the state courts of Ohio "in each case located in the county of Butler." (*Id.*). Because there is no federal court physically located in Butler County, Plaintiffs argue that the parties agreed to the exclusive jurisdiction of only state courts located in Butler County. (*Id.* at 8-9). Plaintiffs also argue Defendants have waived removal based on the language of the clause stating that "the parties hereto irrevocably and unconditionally waive any objection to the laying of venue of any suit . . . in such

courts." (*Id.* at 10).

Defendants assert that the clause does not constitute a "clear and unequivocal" waiver of the right to remove, as is required under Sixth Circuit precedent. (Doc. 19). In Defendants' view, the phrase "in each case located in the County of Butler" modifies only "the courts of the state of Ohio," such that the line should be read as follows: "each party hereto irrevocably submits to the exclusive jurisdiction of *either* "the federal courts of the United States of America" *or* "the courts of the state of Ohio in each case located in the county of Butler." (*Id.* at 9-10). In the alternative, Defendants suggest that because "[n]either party would ever voluntarily and willingly agree to include a provision that on its face was a complete nullity," the agreement could also be read as including federal courts covering or having jurisdiction over Butler County, not just federal courts physically located in Butler County—of which there are none. (*Id.* at 11). For the reasons stated below, Plaintiffs' motion to remand is denied.

## II. STANDARD OF REVIEW

The right to removal provided by 28 U.S.C. § 1441 states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Pursuant to the removal statute, a "defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by the statute." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894

F.2d 193, 195 (6th Cir. 1990). When the requirements are met, this right "is absolute." *Id.*

A defendant may waive the right to removal by way of a contractual provision. However, such a waiver must be "clear and unequivocal." *Cadle Co. v. Reiner, Reiner, & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009); *see also EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008). The Sixth Circuit's standard for demonstrating waiver of removal is more stringent than that of many other circuits. *See Zehentbauer Family Land LP v. Chesapeake Expl., LLC*, No. 4:15-cv-2449, 2016 WL 3903391, at *2 (N.D. Ohio July 19, 2016) (citing *LaSalle Grp., Inc. v. Tiger Masonry, Inc.*, No. 10-11328, 2010 WL 4167257, at *3 (E.D. Mich. Oct. 15, 2010)). In *Cadle*, the Sixth Circuit found waiver lacking where the relevant forum selection clause stated, "[a]ll disputes . . . shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court." 307 F. App'x at 885. The Court reasoned that "the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right by [the defendant]." *Id.* at 888.

"General principles of contract interpretation apply when determining whether a clause explicitly waives the right of removal." *Id.* at 886. Thus, the language "should be given its ordinary meaning, the intent of the parties is relevant, and ambiguities are to be resolved against the drafter." *Id.*

### III. ANALYSIS

The parties concede, and the Court agrees, that federal jurisdiction is proper, as the parties are diverse and the amount in controversy far exceeds the $75,000 threshold.

4

28 U.S.C. § 1332; (Doc 1; Doc. 15 at 7; Doc. 19 at 4-5). Plaintiffs seek remand on the basis of the forum selection clause contained in the parties' agreement, out of which this dispute arises. Plaintiffs rely on the following two portions of the clause: (1) "each party hereto irrevocably submits to the exclusive jurisdiction of" "the federal courts of the United States of America or the courts of the state of Ohio in each case located in the county of Butler," and (2) "the parties hereto irrevocably and unconditionally waive any objection to the laying of venue of any suit . . . in such courts . . . ." (Doc. 1-3 at 104-105, § 11.10(b)).

Plaintiffs' argument that the clause limits jurisdiction to state courts in Butler County because there are no federal courts "located in" Butler County is unavailing. Several courts have found waiver insufficiently clear where the clauses expressly restricted jurisdiction to *a particular* state court or courts. *See Cadle*, 307 F. App'x at 885-888; *Zehentbauer*, 2016 WL 3903391, at *2-4 (denying motion to remand where clause stated "any and all disputes must be resolved in a common pleas court located solely in the State of Ohio"). The clause at issue here does not simply state that jurisdiction is limited to a particular state court or courts (*i.e.*, state courts located in Butler county). It also references the possibility of jurisdiction in "the federal courts of the United States of America." Thus, it is less clear in this case that Defendants intended to waive their right to removal as compared to *Cadle* and *Zehentbauer*.

Moreover, Plaintiffs' understanding that the parties contemplated the case being decided in federal court to the extent that such a court is physically "located in" Butler County would either render the reference to federal courts superfluous or would lead to

an absurd result, as no federal court exists in Butler County. *See Flynn v. State Farm Mut. Auto., Inc. Co.*, 554 F. App'x 430, 434 (6th Cir. 2014) (stating courts should rely on the plain meaning of a contract only to the extent that doing so does not "lead to an absurd result"); *Shanesville Inv. LLC v. Eclipse Res. I, LP*, 358 F. Supp. 3d 665, 675 (S.D. Ohio 2018) ("[I]f one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give another construction that would give it meaning and purpose, then the latter construction *must* obtain." (citing *State v. Bethel*, 854 N.E. 2d 150, 166 (Ohio 2006))). Thus, the particular wording of the clause at issue in this case creates additional ambiguities that counsel against a finding of waiver.

In *Gulfport Energy Corporation*, the court found that a similar geographic limit did not constitute an explicit waiver of removal. *Gulfport Energy Corp v. Freeport Lodge #414, Free & Accepted Masons of Ohio*, No. 2:14-cv-63, 2014 WL 12677070, at *1-2 (S.D. Ohio Nov. 21, 2014). In that case, the clause stated that "venue . . . shall be in the county in which the real property is located." *Id.* at *1. No federal court was located in the particular county at issue. *Id.* Finding the clause to be less clear than that of *Cadle*, the court held that it did not constitute a "clear and unequivocal" waiver of the right to invoke diversity jurisdiction. *Id.* at *2.

The court in *Zahner Hansen Construction Group, Inc. v. Hotwire Electric, Inc.* applied similar reasoning. No. 3-14-1067, 2014 WL 2972212, at * (M.D. Tenn. June 24, 2014). In *Zahner,* the provision stated: "The exclusive forum for and venue of such litigation shall be in Superior Court, in the state and city noted as the Contractor's office

6

address on page one of this Subcontract." *Id.* at *1. The court found that waiver of removal was not clear based on the ambiguous nature of the provision, noting that the state does not have "Superior Courts" and that the federal district court had jurisdiction over the county at issue (notwithstanding its physical location in a different county). *Id.* at *1-2.[2]

Further, the phrase "exclusive jurisdiction" contained in the instant provision does not warrant a finding of waiver. In *Southern Ohio Sand, LLC v. Preferred Proppants*, the court denied the plaintiff's motion to remand, interpreting a provision with identical language that read:

> Any legal suit, action or proceeding arising out of or related to this Agreement or the matters contemplated hereunder shall be instituted exclusively in the federal courts of the United States or the Courts of the State of Ohio, and each Party *irrevocably submits to the exclusive jurisdiction of such courts* in any such suit, action or proceeding and waives any objection based on improper venue or forum non conveniens.

No. 16-cv-833, 2016 WL 1457931, at *1 (N.D. Ohio Apr. 14, 2016) (emphasis added). The court found use of the word "court" in plural indicated "some acknowledgement that cases could be removed from state court." *Id.* at *2. The clause in the instant case also states that "each party hereto irrevocably submits to the *exclusive jurisdiction* of such

---

[2] Plaintiffs' reliance on *C. Thorrez Industries, Inc. v. LuK Transmissions Systems*, No. 5:09-cv-1986, 2010 WL 1434326 (N.D. Ohio Apr. 8, 2010), is not persuasive. This case did not involve removal to federal court; the plaintiff filed the action in federal court in the first instance and the defendant moved to dismiss the case for improper venue. Thus, the court did not apply the "clear and unequivocal" waiver test to discern whether the defendant waived its statutory right to removal. In addition, although Plaintiffs point out that the forum selection clauses in *Thorrez* and the instant case both reference federal courts; the clause in *Thorrez* did so only in reference to personal jurisdiction and separately specified exclusive jurisdiction in a particular state court.

7

*courts.*"  The clause's use of the plural form of court combined with the preceding reference to federal courts *or* state courts located in Butler County renders the clause similarly unclear and precludes a finding of unequivocal waiver.  *See also Fed. Ins. Co. v. Aman Truck Lines, LLC*, No. 1:17-cv-778 (S.D. Ohio May 18, 2018) (unpublished) (finding express waiver lacking where clause stated the parties "agree that the exclusive jurisdiction and venue for any lawsuit . . . shall be in state court in Clermont County, Ohio").

The second phrase Plaintiffs rely on also fails to add clarity.  That phrase states that "the parties hereto irrevocably and unconditionally waive any objection to the laying of venue of any suit . . . in such courts . . . .".  The court in *Southern Ohio Sand* considered a clause with similar wording, and unpersuaded, held that "[r]emoval is not an objection based on improper venue or forum non conveniens"; further noting that "[r]emoval is a separate issue not contemplated by the language of the Agreement."  *Id.* The distinction between exercising the statutory right to removal and objecting to venue was also noted by the court in *Zehentbauer*.  2016 WL 3903391, at *3 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient . . . ." (citing *Atlantic Maine Constr. Co. v. U.S. District Court for the Western Dist. of Texas*, 134 S. Ct. 568, 582 (2013))).  Therefore, the parties' waiver of objections to venue does not constitute a "clear and unequivocal" waiver of Defendants' ability to exercise their statutory right of removal.

Finally, Plaintiffs' argument that a clause need not contain certain "magic words" to clearly express waiver is unpersuasive.  In support of this argument, Plaintiffs rely on

8

*LaSalle Group, Inc. v. Tiger Masonry, Inc.*, No. 10-11328, 2010 WL 4167257 (E.D. Mich. Oct. 15, 2010), which in turn relies on the pre-*Cadle* case, *Power Marketing Direct, Inc. v. Moy*, No. 2:08-cv-826, 2008 WL 4849289 (S.D. Ohio Nov. 6, 2008). *See Zehentbauer*, 2016 WL 3903391, at *3 (declining to follow *Moy* and noting that the case pre-dates *Cadle*, which held that waiver must be "explicit"); *see also Laurel Grocery Co., LLC v. Freshway, Inc.*, No. 6:18-cv-243, 2019 WL 109349, at *2 n.5 (E.D. Ky. Jan. 4, 2019) (describing *LaSalle* as an "outlier case" that "nod[s] to, but ultimate[ly] mock[s] . . . the higher court decisions of *Cadle* and *EBI-Detroit*").

In sum, the provision at issue in this case fails to express a "clear and unequivocal" waiver of the right of removal to federal court because it "neither mentions removal nor sets forth an explicit waiver of that right." *Cadle*, 307 F. App'x at 886-88.

## IV. CONCLUSION

Based upon the foregoing, Plaintiffs' motion to remand (Doc. 15) is **DENIED**. Plaintiffs' motion to stay proceedings pending a decision on the motion to remand (Doc. 16) is **DENIED as moot**.

**IT IS SO ORDERED.**

Date: December 9, 2019           *s/ Timothy S. Black*
                                 Timothy S. Black
                                 United States District Judge