UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE BIDWELL FAMILY CORPORATION, *et al.*, | Case No. 1:19-cv-201 |
| Plaintiffs, | McFarland, J.<br>Bowman, M.J |
| v. | |
| SHAPE CORP, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This civil action is now before the Court on Plaintiffs motion for sanctions (Doc. 62) and the parties responsive memoranda. (Docs. 63, 65, 67). Plaintiffs move for discovery sanctions against Defendants Shape and its counsel, based on a months-long pattern of deception, obfuscation, false statements, and broken promises. Defendants dispute Plaintiffs' allegations.

**I. Background and Facts**

In February 2019, Plaintiffs sued Shape in state court. Shape removed the action. Thereafter, in June 2020, Plaintiffs served document requests. (Doc. 63, Affidavit of Beth A. Bryan ("Bryan Aff.") ¶ 2, Ex. A2.)

After receiving an extension to respond (citing COVID-19), Shape provided written responses on July 29, 2020. (Id. ¶ 2, Ex. A3.) Shape asserted the same boilerplate objection to all of the 35 document requests—that the words "all" and "relating to" are overbroad, unduly burdensome, vague, and ambiguous. Thereafter, Shape produced documents on a "rolling" basis, starting in September. While Shape was producing the

documents, Plaintiffs assert that it asked for updates repeatedly— while trying to accommodate Shape's claimed COVID-19-related problems. (Id. ¶ 2, Ex. A5.)

Plaintiffs contend that the parties had their first of several meet and confers about Shape's failure to produce documents on October 5, 2020. (Id. ¶ 2, Ex. A6.) Shape represented that it would complete its document production by mid-November, and the parties agreed to a 120-day extension of the calendar based on this firm representation. (Id.) Plaintiffs contacted Shape for another meet and confer and identified the categories of documents for which Shape had produced nothing. (Id. ¶ 2, Ex. A7.)

The parties conducted their next meet and confer on December 22, 2020. Shape agreed to produce documents responsive to Request Nos. 6, 8, 11, and 13 (the categories for which it had previously refused to produce any documents). (Id. ¶ 2, Ex. A8.). Plaintiffs' requested that Shape complete its document production by the first week of January. Shape failed to do so.

Shape made another production on January 15, when it produced 1,260 documents. With this, Shape claimed to have made its "complete production . . . (subject to any potential final clean-up next week)." (Id. ¶ 2, Ex. A10, at 3.) The next Friday, Shape made its "clean-up" production of 1,200 documents and stated that its production was "complete." (Id. ¶ 2, Ex. A11.)

The parties conducted another meet and confer on January 26 and confirmed that meeting with a letter of the same date. Shape responded to Plaintiffs on February 1 stating it "reject[ed] Plaintiffs' assertion that Shape's production [was] deficient or somehow incomplete, given that Shape conducted a reasonable search of responsive documents

and produced the same," but that to be cooperative, it "intend[ed] to produce additional materials." (Id. ¶ 2, Ex. A13.)

On February 19, Shape produced 526,056 documents, totaling 1,064,595 pages (comprising 98.7% of its still incomplete production). (Id. ¶ 2, Ex. A15.) According to Shape, it collected these documents from the same custodians and used the same search terms it used for its "rolling" productions. (See id. ¶ 2, Ex. A16.) According to Plaintiffs, Shape purposefully includes thousands of non-responsive documents and spam emails in the untimely February Production. The sheer volume of the February Production is breathtaking given the relatively small number of documents produced in its previous "complete" production. Plaintiffs estimate it will take 7,500 hours to review the documents and, based on estimates from its vendors, cost more than $525,000.

On March 2, 2021, this matter was referred to the undersigned for the purpose of conducting a discovery conference to address the dispute over the most recent document production to Plaintiffs. After discussion, the Court Ordered that Plaintiffs may elect to hold open any deposition taken before April 1, 2021 to allow for the examination of any deponent related to any of the late produce documents. Plaintiffs were also granted leave to file a motion for sanctions.

In light of the foregoing, Plaintiffs filed the instant motion for sanctions on March 12, 2021. (Doc. 62). Plaintiffs' motion requests that this Court impose these sanctions on Shape and its counsel:

> 1. Prohibit Shape from using or relying on the documents in the untimely February Production under Rule 37(c)(1);
>
> 2. Extend the discovery deadline by 60 days for Plaintiffs only, allowing Plaintiffs time to review the February Production and reopen depositions as appropriate, with Shape bearing the cost of any reopened depositions.

> 3. Preclude Shape from taking the deposition of Kathleen Gramke after it suddenly withdrew the deposition notice—over Plaintiffs' objection—less than 24 hours before the deposition as an unrequested "sign of good faith"; and
>
> 4. Order Shape and Honigman to pay the attorneys' fees Plaintiffs incurred because Shape failed to comply with its discovery obligations under Rule 37(c)(1)(A), including Plaintiffs' fees for the motion practice and the cost to review the production containing thousands of irrelevant documents.

(Doc. 62).

For the reasons outlined below, Plaintiff's requests are not well-taken.

**II. Analysis**

The undersigned recognizes that the Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys and authorize federal courts to impose sanctions on those who fail to meet these obligations." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013). As such, a party's failure to obey a discovery order is subject to sanction under the plain language of Fed. R. Civ. P. 37(b)(2).

Though this is a very close call, the Court finds that sanctions are unwarranted at this time. After the instant motion for sanctions was filed, the undersigned held two additional discovery conferences with the parties on April 12, 2021 and May 5, 2021 respectively. Prior to the April 12 conference, the parties worked cooperatively to resolve several outstanding discovery issues, including agreeing to produce Kathleen Gramke for deposition. The Court and the parties also agreed that Plaintiffs can resume the previously left open depositions after Defendants complete their document production. Notably, at the May 5 conference, the undersigned permitted Plaintiffs to take additional depositions and advised the parties to make every effort to complete such depositions by

May 21, 2021. As such, the majority of the relief requested in Plaintiffs' motions for sanctions has been resolved either by agreement between the parties or by the undersigned during discovery conferences. The denial of this motion for sanctions should not be understood by either party to be, in any way, an approval of the actions of Shape during the discovery process. What transpired in this case is one of the most egregious "document dumps" that the undersigned has witnessed in her decade plus time on the bench. The late production of such a large number of documents, many of which are wholly irrelevant,[1] after previously asserting that the production was complete is not a practice that is condoned by this Court.

Plaintiffs' request for fees associated with the filing of its sanctions motion is also not well-taken. As detailed above, Shape has actively participated in the Court's discovery conferences relating to this matter and has operated in good faith to address the outstanding discovery issues. There is no evidence of bad faith or willfulness by Shape. It is also worth noting that the parties submitted 364 pages of pleadings and exhibits relating to the instant motion for sanctions. The Court is left to wonder whether the parties' time and effort related to this motion for sanctions would have been better spent working collectively to resolve these issues.[2]

---

[1] Just one example of the irrelevant documents were emails about Duke University and the British royal family that were "responsive" to a production request relating to Duke Energy.

[2] As this order was being finalized, the Court was made aware that yet another ongoing issue has not been resolved. Plaintiffs have been granted leave to file a second motion for sanctions relating to documents used by Shape's expert that were not previously disclosed, despite repeated requests for those documents. This dispute was the subject of a prior discovery conference with the Court. The parties should keep in mind the court's preference for brevity in motion practice and the informal resolution of discovery issues as outlined in the undersigned's General Standing Order on Civil Procedures. See
https://www.ohsd.uscourts.gov/sites/ohsd/files//Standing%20Orders%20SKB%20030315.pdf

**III. Conclusion**

For these reasons, Plaintiffs' motion for sanctions (Doc. 62) is herein **DENIED.**

**IT IS SO ORDERED.**

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge