UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE BIDWELL FAMILY, CORPORATION, *et al.* | Case No. 1:19-cv-201 |
| Plaintiffs, | McFarland, J. |
| | Bowman, M.J |
| v. | |
| SHAPE CORP, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

This civil action is now before the Court on Plaintiffs' second motion for sanctions (Doc. 75) and the parties responsive memoranda. (Docs. 80, 82).

**I. Background and Facts**

On March 2, 2021, this matter was referred to the undersigned for the purpose of conducting a discovery conference to address the dispute over the most recent document production to Plaintiffs. After discussion, the Court Ordered that Plaintiffs may elect to hold open any deposition taken before April 1, 2021. Plaintiffs were also granted leave to file a motion for sanctions. Plaintiffs filed for sanctions on March 12, 2021. (Doc. 62). Plaintiffs' motion requests that this Court impose these sanctions on Shape and its counsel based on Shape's alleged deficiencies in its document production.

On June 1, 2021, the undersigned issued a Memorandum Opinion and Order denying Plaintiffs' Motion for Sanctions (the "Order") finding, *inter alia,* that "sanctions are unwarranted at this time," and acknowledging the parties' cooperation to resolve outstanding discovery disputes since the Motion was filed. (Doc. 73). The undersigned

also noted Shape's active participation in the Court's discovery conferences and stated that it had "operated in good faith to address the outstanding discovery issues." Id. at PageID 1965.

Thereafter, Plaintiffs filed objections to the June 1, 2021 Order and also filed an additional motion for sanctions. (See Docs. 75, 76). Specifically, Plaintiffs' objection to the Court's ruling on the first sanctions' motion asserts that the undersigned failed to apply Fed. R. Civ. P. 37(c) and governing case law. (Doc. 76). Plaintiffs' second motion for sanctions, which is currently before the Court, seeks an Order from the Court: (1) prohibiting Defendants from using in a motion or at trial any documents produced after fact discovery ended, including the 442 documents produced on April 20, 2021; (2) excluding Defendants' expert reports to the extent that they rely on the 442 documents produced; and (3) awarding monetary sanctions. Doc. 75, PageID #1989. For the reasons outlined below, Plaintiff's second motion for sanctions is not well-taken.

**II. Analysis**

The undersigned recognizes that the Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys and authorize federal courts to impose sanctions on those who fail to meet these obligations." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013). Under Fed. R. Civ. P. 26(e), parties have a duty to timely supplement or correct prior responses if they learn that "in some material respect the disclosure or response is incomplete or incorrect," and if the information has not been otherwise disclosed in discovery. Violations of Rule 26(e) are sanctionable under the provisions of Fed. R. Civ. P. 37(c)(1) "unless the failure was substantially justified or is harmless." When determining whether a failure to supplement prior disclosures was

2

"substantially justified or harmless," courts consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Harmlessness under Rule 37 "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party," not an inquiry into whether the violation results in prejudice. *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir.2003).

Here, Plaintiffs assert that Shape's late production of documents warrants sanctions, including the exclusion of those documents. Plaintiffs' request is not well taken. In response to Plaintiffs' second motion for sanctions, Shape asserts the following:

> As the parties neared the close of fact discovery, Defendants' experts made requests for additional materials related to their calculations. Specifically, Defendants' experts requested invoices related to temporary labor, expedited freight, and Duke Energy One. Although Defendants believed that all necessary documents had been collected and produced, Defendants soon realized their unintended mistake: a small number of responsive documents were not yet produced. Defendants urgently collected 362 documents related to twenty different freight companies. Defendants also collected 29 documents related to payments for temporary labor from October 2018 through April 2019. Finally, Defendants collected payment records to Duke Energy One from January 31, 2019 through March 31, 2021. Defendants produced these documents on April 20, 2021—immediately after their collection, only five days after the close of fact discovery.

(Doc. 80, p. 4).

In sum, Shape contends that it immediately produced the documents requested by its experts, after realizing that they had not yet been produced—again, just five days after close of fact discovery, three weeks before its expert reports were due, nine months before trial, and long before any expert depositions were held, which, more than two

months later, had yet to occur.  Applying the factors outlined in *Howe*, the undersigned finds that Shape' actions were substantially justified and harmless.

### III. Conclusion

For these reasons, Plaintiffs' motion for sanctions (Doc. 75) is herein **DENIED, in toto.**

**IT IS SO ORDERED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge