UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE BIDWELL FAMILY CORPORATION, *et al.*, | : :  : |
| *Plaintiffs*, | : : Case No. 1:19-cv-201 |
| vs. | : : Judge Jeffery P. Hopkins |
| SHAPE CORP., *et al.*, | : : |
| *Defendants*. | : : |

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS (DOC. 76, DOC. 128) TO MEMORANDUM OPINIONS AND ORDERS OF THE MAGISTRATE JUDGE (DOC. 73, DOC. 125)**

This matter is before the Court on the following two motions:

- Plaintiffs' Objections (Doc. 76) to Magistrate Judge Bowman's Memorandum Opinion and Order of June 1, 2021 (Doc. 73) denying Plaintiffs' Motion for Sanctions (Doc. 62).

- Plaintiffs' Objections (Doc. 128) to Magistrate Judge Bowman's Memorandum Opinion and Order of March 30, 2022 (Doc. 125) denying Plaintiffs' second Motion for Sanctions (Doc. 75).

The Defendants having responded to these Objections (Doc. 79, Doc. 129), the Objections are ripe for review. For the reasons stated below, Plaintiffs' Objections are **OVERRULED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from an agreement between members of the Bidwell family ("the Bidwells" or "Plaintiffs") and Shape Corporation ("Shape" or "Defendant") under which the Bidwells sold their family-owned aluminum extrusion business to Shape, an automotive parts

supplier. Complaint, Doc. 1 at PageID 16–17. The Bidwells seek payment by Shape of additional amounts they claim they are owed under the original February 2018 Asset Purchase Agreement ("APA") between the parties, *see id.* at PageID 19, and subsequent side letter agreements between the parties signed in May and June 2018, *see id.* at PageID 22. Shape contends that the Bidwells misrepresented the condition of their business during negotiations and breached the terms of the APA, and that it is entitled to set off certain expenses it incurred against any amount it owes the Bidwells. Defendants' Response to Plaintiffs' Motion for Summary Judgment, Doc. 121 at PageID 14610–14611.

The matters before the court today relate to two separate discovery disputes between the parties. The first involves an "egregious 'document dump[]'" by Shape. Mem. Opinion and Order, Doc. 73, at PageID 1965. Plaintiffs served document requests in June 2020 and Shape began producing documents on a rolling basis in September. *Id.* at PageID 1961. Shape claimed to have difficulty producing documents due to the Covid-19 pandemic, and the parties met throughout Fall 2020 to discuss discovery disputes. *Id.* at PageID 1962. On January 22, 2021, Shape made what it represented to be its final production. *Id.* The parties then had a meet and confer on January 26, after which Shape rejected Plaintiffs' assertion that its production was deficient, but nonetheless agreed to produce additional documents. *Id.* at PageID 1962–1963. Then, on February 19, Shape produced 523,056 documents totaling 1,064,595 pages—98.7% of the volume of its total production in this matter. *Id.* at PageID 1963. The production included a large number of non-responsive documents and spam emails. *Id.* For example, Shape produced emails about Duke University and the British royal family in response to Plaintiffs' request for documents related to Duke Energy. *Id.* at PageID 1965 n.1. Plaintiffs contend that Shape intentionally included these irrelevant documents in

the production. *Id.* at 1963. The parties then held a discovery conference with Magistrate Judge Bowman, after which Magistrate Judge Bowman allowed Plaintiffs to hold open any deposition taken before April 1, 2021 and granted Plaintiffs leave to file a motion for sanctions. *Id.* at PageID 1963.

Plaintiffs filed their Motion for Sanctions on March 12, 2021. Doc. 62. They requested that Shape be prohibited from using documents from its February production, that the discovery deadline be extended for Plaintiffs only, that Shape be prohibited from taking a disputed deposition, and that Shape be ordered to pay Plaintiffs' fees for motion practice over the February production and the cost of reviewing the production. *Id.* at PageID 1613. Magistrate Judge Bowman denied the motion on June 1, 2021, Doc. 73, noting that after Plaintiffs filed their motion for sanctions the parties "worked cooperatively to resolve several outstanding discovery issues," *id.* at PageID 1964, and as a result, the majority of the relief Plaintiffs requested had already been resolved either by agreement or by a previous order by her. *Id.* at PageID 1965. Magistrate Judge Bowman further noted that Shape had "operated in good faith to address . . . outstanding discovery issues" and there was "no evidence of bad faith or willfulness" on its part. *Id.*

On June 11, 2021, Plaintiffs filed their Objections, Doc. 76, to the Magistrate Judge's Order, which are presently before the court.

The same day Plaintiffs filed their Objections, they also filed a second Motion for Sanctions, Doc. 75. That motion related to 442 documents Shape produced after the close of fact discovery and on which its experts relied. *Id.* at PageID 1982–1983. In that motion, Plaintiffs sought to prohibit Shape from using those documents in any future motions or at trial, and to exclude Shape's expert reports to the extent they relied on those documents. *Id.*

3

at PageID 1989. Plaintiffs also sought monetary sanctions. *Id.* However, Magistrate Judge Bowman also denied this Motion. Doc. 125. Noting that the documents in question were produced three weeks before expert reports were due and "long before any expert depositions were held," and applying the factors set out in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015), she concluded that Shape's failure to produce the documents in question was substantially justified and harmless. Doc. 125 at PageID 15767–15768.

On April 13, 2022, Plaintiffs filed Objections, Doc. 128, to Magistrate Judge Bowman's Order, which are also presently before the Court.

## II. LEGAL STANDARD

A magistrate judge may determine non-dispositive pre-trial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A party may then, within 14 days, file objections to a magistrate judge's order. Fed. R. Civ. P. 72(a). Objections that are "general, repetitive of arguments previously presented to the magistrate judge, or do nothing more than state a disagreement with the magistrate's suggested resolution are improper." *Crosswater Canyon, Inc. v. Allied World Assurance Co. (U.S.), Inc.*, No. 2:19-cv-64-DLB-CJS, 2020 WL 4043973 (E.D. Ky. July 17, 2020) (citations and internal quotation marks omitted).

Where proper, timely objections are filed, the Court must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). This standard requires the Court to "review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

4

mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration and internal quotation marks omitted). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation and internal quotation marks omitted). Orders by magistrate judges on non-dispositive matters "draw great deference" from district courts, "as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome." *Crosswater Canyon*, 2020 WL 4043973 at *2 (citation omitted). As to orders on motions for sanctions under Rule 37(c)(1) in particular, the Court "review[s] a magistrate judge's determination of harmlessness under Rule 37(c)(1) for an abuse of discretion." *Bisig*, 940 F.3d at 221.

### III. ANALYSIS

**A.     Objections (Doc. 76) to first Order Denying Sanctions (Doc. 73)**

Plaintiffs contend that the Magistrate Judge's Order "is contrary to law because it failed to apply the proper part of Civil Rule 37—Rule 37(c)—and the binding case law interpreting that rule." Doc. 76. They argue that applying the proper analysis under Rule 37(c), Defendant's conduct warrants sanctions, because the production was untimely and Defendant failed to show that the untimely production of documents was substantially justified or harmless. *Id.* at PageID 2188. Specifically, Plaintiffs argue that Magistrate Judge Bowman did not properly apply the factors set out in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015), and had she done so she would have determined that Defendants' late production was not substantially justified or harmless. Doc. 76 at PageID 2190.

<u>Rule 37(c)(1)</u>

After careful review, the Court concludes that Magistrate Judge Bowman's Order correctly applied Rule 37(c). First, Magistrate Judge Bowman's order recites the relief

requested by Plaintiffs, which included "[p]rohibit[ing] Shape from using or relying on the documents in the untimely February Production under Rule 37(c)(1) . . . [and] [o]rder[ing] Shape and Honigman to pay the attorneys' fees Plaintiffs incurred because Shape failed to comply with its discovery obligations under Rule 37(c)(1)(A)." Doc. 73 at PageID 1963–1964. Her opinion thus makes clear that she was aware plaintiff sought sanctions under Rule 37(c). While Magistrate Judge Bowman went on to note that Fed. R. Civ. P. 37 (b)(2) allows for the imposition of sanctions for failure to obey a court order, this does not establish that she failed to weigh the propriety of sanctions under Rule 37(c).[1] Magistrate Judge Bowman's reference to Rule 37(b)(2) does not require this Court to conclude that she failed to weigh the appropriate considerations in determining that Defendants' discovery conduct was not sanctionable under any relevant Rule.[2]

*Howe* factors

The Court thus proceeds to assess whether Magistrate Judge Bowman weighed the relevant factors in refusing to impose the sanctions of exclusion or attorney's fees. Those factors are set out in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015): "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

---

[1] Magistrate Judge Bowman also cited *Laukus v. Rio Brands*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013) for the general proposition that the Federal Rules authorize courts to impose sanctions for discovery violations. The portion of this opinion that Magistrate Judge Bowman quoted referred to the Federal Rules of Civil Procedure generally, not specifically to Rule 37(b). Doc. 73 at PageID1964; *Laukus*, 292 F.R.D. at 500.
[2] Additionally, Rule 37(c) refers to Rule 37(b): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: . . . (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Whether the Magistrate Judge applied *Howe* appropriately is a legal question that this Court reviews de novo. *Bisig*, 940 F.3d at 221. However, the *Howe* analysis is in the service of correctly applying Rule 37. *See id.* at 220 ("'District courts have broad discretion in applying [the *Howe*] factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating "honest," harmless mistakes from the type of "underhanded gamesmanship" that warrants the harsh remedy of exclusion.'") (quoting *Bentley v. Highlands Hosp. Corp.*, 2016 WL 5867496 at *10 (E.D. Ky. 2016) (Thapar, J.)). Ultimately, we review a magistrate judge's determination of harmlessness under Rule 37(c)(1) for an abuse of discretion. *Id.* at 221. Accordingly, the fact that Magistrate Judge Bowman failed to "rigidly," *see id.* at 220, apply each *Howe* factor is not a basis to conclude that her Memorandum Opinion and Order is contrary to law.

Rather, Magistrate Judge Bowman's Order demonstrates that she considered the relevant factors. She noted the scale of the "document dump[]," Doc. 73 at PageID 1965, especially measured in relation to the rest of Shape's production. This analysis goes to the Bidwells' surprise, the first *Howe* factor. She went on to note the parties agreed that the Bidwells could resume depositions previously left open and were permitted to take additional depositions, *id.* at PageID 1964–1965, which goes to their ability to cure the surprise. Those same considerations are relevant to the extent to which allowing the late-produced documents to be used would disrupt further proceedings. Magistrate Judge Bowman also appears to have considered the nature and significance of the documents produced—though perhaps not as thoroughly as Plaintiffs would have liked—given that she noted that the production contained a large amount of irrelevant documents. *Id.* at PageID 1965. Magistrate Judge Bowman did

7

not discuss in detail Shape's explanation for its failure to disclose, but did observe that there was "no evidence of bad faith or willfulness by Shape." *Id.* at PageID 1965.

The Court is thus left with the firm impression that Magistrate Judge Bowman, who, the Court notes, worked with the parties to cooperatively resolve some of the Bidwells' requests in their motion for sanctions, adequately performed the task of determining whether Shape's late production was the kind of "'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *See Bentley*, 2016 WL 5867496 at *10 (quoting *Howe*, 801 F.3d at 747, 749). While this Court might have benefited from more thorough consideration of each factor identified in *Howe*, it concludes that Magistrate Judge Bowman adequately performed her task as set out in *Howe*.

<u>Abuse of Discretion</u>

Having concluded that Magistrate Judge Bowman applied the correct law,[3] the Court must next resolve whether the Magistrate Judge abused her discretion in denying the Bidwells' motion for sanctions. The Court sees no basis to conclude that the Magistrate Judge abused her discretion in this regard. Noting the considerations she recited, including that the Bidwells were permitted to take additional depositions following disclosure of the documents in question and that certain requests in the Bidwells' motion for sanctions were resolved cooperatively, this Court concludes that the Magistrate Judge did not abuse her discretion in

---

[3] *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 221 (6th Cir. 2019), instructs that review of a magistrate judge's harmlessness determination under Rule 37(c)(1) is for abuse of discretion, as this accommodates the "mixed legal and factual nature of the *Howe* inquiry." The Court does not see this instruction to be limited to circumstances in which the magistrate judge walked through the *Howe* inquiry step-by-step. The underlying magistrate judge decision denying sanctions in *Bisig*, which the appellate court instructed should have been reviewed for abuse of discretion, itself did not walk through the *Howe* inquiry step-by-step, as Plaintiffs seem to argue here the Magistrate Judge must do. *See Bisig v. Time Warner Cable, Inc.*, Case No. 3:14-cv-36, Doc. 168 (N.D. Ky. filed Dec. 20, 2016).

denying the motion for sanctions. Accordingly, the Bidwells' objections (Doc. 76) are **OVERRULED**.

B.         **Objections (Doc. 128) to Second Order Denying Sanctions (Doc. 125)**

Much of the analysis above applies to the Bidwells' Objections (Doc. 128) to Magistrate Judge Bowman's Memorandum Opinion and Order (Doc. 125) denying their second Motion for Sanctions (Doc. 75). As in their challenge to the Magistrate Judge's order on their first motion for sanctions, the Bidwells argue that Magistrate Judge Bowman failed to "apply the five *Howe* factors." Doc. 128 at PageID 15776. They further argue that those factors indicate that sanctions are warranted. *Id.* at PageID 15776.

As explained above, a magistrate judge need not walk through each *Howe* factor in detail in order to comply with her obligation to consider those factors in making the ultimate determination of whether a discovery violation was "substantially justified" or "harmless" under Rule 37(c). This is the lesson of *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205 (6th Cir. 2019). As was done in her Order on the Bidwells' first motion for sanctions, Magistrate Judge Bowman considered the proper issues under *Howe*. (Here, helpfully, she also laid out those factors and said expressly that she applied them. Doc. 125 at PageID 15766–15767.). Thus, we review her denial of Plaintiffs' Motion for Sanctions for an abuse of discretion. *Bisig*, 940 F.3d at 221.

Magistrate Judge Bowman did not abuse her discretion in denying the motion. She noted that Shape contended that it immediately produced the documents in question after those documents were requested by Shape's experts, alerting Shape to fact that those documents had not been produced. She further noted that the documents were produced three weeks before Shape's expert reports were due and "long before any expert depositions were

9

held." Doc. 125 at PageID 15766. The Bidwells argue that Magistrate Judge Bowman "ignored Shape's long history of discovery abuses." Doc. 128 at PageID 15766. However, while Magistrate Judge Bowman may not have described the parties' discovery dispute in detail in her Order—and certainly not the detail that Plaintiffs would have preferred—she was intimately familiar with it, as she worked with the parties throughout discovery to resolve discovery disputes cooperatively and timely.

Because the Magistrate Judge did not abuse her discretion in denying (Doc. 125) the Bidwells' second motion for sanctions (Doc. 75), the Bidwells' Objections (Doc. 128) to that Order are **OVERRULED**.

## IV. CONCLUSION

For all the reasons stated, the Bidwells' Objections (Docs. 76, 128) to the Magistrate Judge's Orders denying sanctions (Docs. 73, 125) are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: Nov. 21, 2024

Hon. Jeffery P. Hopkins
United States District Judge

10